ALFRED BUTT, ET AL., *v.* JAMES BOREN, ET AL.

**Mental Capacity—Evidence.**
   The opinions of witnesses as to mental capacity are not entitled to much weight unless the facts upon which they are based are given.

**Joinder of Causes of Action.**
   A suit to enforce the settlement of an administrator's accounts cannot be joined with a suit to set aside a deed.

APPEAL FROM SIMPSON CIRCUIT COURT.

October 5, 1875.

OPINION BY JUDGE PETERS:

Many of the witnesses who testified on the part of appellants gave it as their opinion that Francis Boren, the grantor, at the date of the deed in contest was, from his great age and physical weakness, childish and mentally incapable to understand and to transact important business; but from an inability and a failure to state the facts upon which they base their opinions, except the advanced age of the grantor, their mere opinions cannot be allowed to overturn the evidence of witnesses who saw and conversed with the grantor shortly before and after the making of the deed, and who prove facts which could not exist if the mental capacity of Francis Boren was as frail as the opposing witnesses considered it.

For an example, Mrs. Bush, who seems to be a very intelligent woman, proves facts showing that F. Boren had not only a distinct memory of important facts relating to the title to her land, but communicated them to her in a satisfactory manner, and so effectually as to enable her to succeed in removing difficulties in the title to her land.

Eubank proves that he went to see the old gentleman in 1872, after the date of the contested paper, and conversed with him on the business for which he went to see him; that he conversed very intelligently; and he afterwards took his deposition to prove the marriage of his mother, the time and place, etc., all of which he related with great accuracy, and he was intelligent on all other subjects about which he conversed with him.

The draftsman of the instrument also proves facts that occurred at the time he wrote it that show the old gentleman entirely competent to thoroughly understand the business he was engaged in.

Upon the subject of undue influence, it may suffice to remark that there is no evidence that the beneficiary in the deed ever spoke to his father on the subject, or attempted to influence him in any way whatever. So far as this record shows, the deed was the voluntary and independent act of a man fully competent to do it.

The suit (if any exists) against James Boren to enforce a settlement of his accounts as administrator of Francis Boren, Jr., was improperly joined with the suit to set aside the deed of Francis Boren, Sr., to appellee, James Boren.

Judgment *affirmed.*

*G. W. Whitesides, A. Duvall, for appellants.*
*W. P. D. Bush, T. Lee Wilkerson, for appellees.*